FILED APR 3 '23 AM 11:18 USDCALS

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| JASON THOMAS,<br>Plaintiff,<br><br>v.<br><br>THE US PROBATION OFFICE,<br>USPO RAPHAEL "RALPH" GOODWIN,<br>SHANNON RIZZO, and<br>JENNIFER CHILDRESS in both their<br>individual and official capacities | )<br>)<br>)<br>)   Case No.: 23-cv-112-JB-MU<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT WITH JURY DEMAND

### Introduction

This is a civil rights complaint filed by JASON THOMAS for damages and injunctive relief

under 42 U.S.C. § 1983, alleging unlawful search and seizure in violation of the Fourth

Amendment to the United States Constitution, emotional distress, migraines, insomnia, fatigue,

anxiety, fear of his every move being tracked, sudden worsening of the plaintiff's GERD and

associated pain, loss of enjoyment of life, and inability to complete work projects due to being

unable to focus.

### JURISDICTION

1. The court has jurisdiction over the Plaintiff's claims of violation of federal constitutional

rights under 28 U.S.C. §§ 1331(1) and 1343.

## PARTIES

2. The Plaintiff, Jason Thomas, was domiciled in Summerdale, Alabama and was physically located in Mobile, Alabama during the event described in this complaint.

3. Defendant United States Probation Office has direct involvement in the hiring and training of its employees/officers, makes policies, writes regulations and guides the conduct of the officers/agents of the United States Probation Office. This defendant is an agency of The United States of America and is sued in its official capacity

4. Defendant Raphael Goodwin is a United States Probation Officer with the United States Probation and Pretrial Services for The Southern District of Alabama and is sworn to uphold the laws and Constitution of the United States. This defendant is sued in both his individual and official capacities.

5. Defendant Shannon Rizzo is a Supervisor with the United States Probation and Pretrial Services for The Southern District of Alabama and has direct supervisory duties and responsibilities over Raphael Goodwin, is sworn to uphold the laws and Constitution of the United States, and is responsible for ensuring that her subordinates and fellow officers uphold the laws and Constitution of the United States as well as adhering to policies, procedures, training protocols, regulations, and codes of professional conduct. This defendant is sued in both her individual and official capacities.

6. Defendant Jennifer Childress is the Chief United States Probation Officer and has direct supervisory duties and responsibilities over Raphael Goodwin, is sworn to uphold the laws and Constitution of the United States, and is responsible for ensuring that her subordinates and fellow officers uphold the laws and Constitution of the United States

as well as adhering to policies, procedures, training protocols, regulations, and codes of professional conduct. This defendant is sued in both her individual and official capacities.

## FACTS

7. On January 19th, 2020, the Plaintiff was placed onto supervised release subsequent to a 24 month supervised release revocation.

8. The Plaintiff's court ordered supervised release did not have a no alcohol condition imposed by Judge Jeffrey U. Beaverstock.

9. On August 29th, 2022, the Plaintiff met Shannon Rizzo at the United States Probation Office at 113 St. Joseph St., Mobile, Alabama, 36602.

10. On December 19th. 2022, the Plaintiff met USPO Raphael Goodwin. Goodwin placed the Plaintiff on random alcohol breath testing and imposed a no alcohol condition in spite of the lack of those court-ordered conditions. (See exhibit _A_ )

11. The contract signed by Thomas and Goodwin stated "Promptly answer my telephone or door while I am home. My supervising officer will use telephone calls, emails, text messages, and/or personal visits to monitor my compliance with this agreement." The contract does not allow Goodwin to monitor Thomas's location through a GPS/cellular location tracking device. (See exhibit _A_ )

12. The Plaintiff was given a SoberLink 3 device and was made to sign up for random testing via text messages by USPO Goodwin. (See exhibit _B_ )

13. The Plaintiff asked Goodwin if the SoberLink 3 device had GPS/location monitoring capabilities.

14. Goodwin replied that it did but it only checked the location when a test was conducted and submitted.

15. The Plaintiff stated to Goodwin that he had a problem with the fact that the device was GPS/location monitoring his location and movements in both public and private locations because he was not court ordered to be on any type of location monitoring.

16. The plaintiff stated to Goodwin that "using a GPS device to track my location and movements in both public and private locations without a court order or a warrant would have serious Fourth Amendment implications."

17. Goodwin replied "I know exactly what you are saying and, you are correct, there is no court order or warrant for me track your location or movements with a GPS or cellular-based device."

18. Goodwin also acknowledged that conducting a GPS/cellular search of the Plaintiff's location or movements without a court order or warrant could violate the Plaintiff's Fourth Amendment rights.

19. Goodwin set up the testing schedule and testing commenced on December 21, 2022 at 6:00 p.m.

20. The testing schedule went as follows:

   a. Monday: 5:30 a.m.

   b. Tuesday: 6:00 a.m. and 8:00 p.m.

   c. Wednesday: 7:00 p.m.

   d. Thursday: 6:00 p.m.

   e. Friday: 12:00 p.m., 5:00 p.m., and 10:30 p.m.

    f.   Saturday: 6:00 a.m. and 10:00 p.m.

    g.  Sunday: 6:00 a.m. and 2:00 p.m. (See exhibit __C__ )

21. This testing schedule occurred from December 21st, 2022 through the current date of March 22nd, 2023.

22. For 90+ days and counting the plaintiff has taken over 160 tests.

23. None of those tests were at 3:00 p.m. on a Friday.

24. On March 14th 2023 at 2:09 p.m. Goodwin called the plaintiff and told him to be at his office at 2:30 p.m. on March 17th, 2023.

25. On March 17th, 2023 at 2:20 p.m. the plaintiff was stuck in standstill traffic on Interstate 10 westbound in the middle of a torrential downpour. (See exhibit(s) __D__ )

26. On March 17th, 2023 at 3:01 p.m. the plaintiff's phone notified him that he needed to submit an "on demand" test immediately. (See exhibit __E__ )

27. Goodwin was responsible for setting the testing schedule and had the ability to prompt an "on demand" test.

28. From December 19th, 2022 through March 27th, 2023 Goodwin did not prompt a single "on demand" test.

29. Goodwin improperly used the SoberLink device on March 17th, 2023 to force the plaintiff to take a test and knowingly illegally used the GPS/cellular location tracking to track the plaintiff's location without a warrant in violation of the plaintiff's Fourth Amendment right to be free from unlawful, warrantless searches and seizures.

30. On March 17th, 2023, Goodwin told the plaintiff that he had to continue using the SoberLink device indefinitely and take all prompted tests.

31. On March 18th, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, sudden worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

32. On March 19th, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, sudden worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

33. On March 20th, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

34. On March 21st, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

35. On March 22nd, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

36. March 23rd – March 27th, 2023 the plaintiff suffered from emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, worsening of the

plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus.

37. Goodwin continues to use the SoberLink device as a way to track the Plaintiff via GPS technology without a warrant or a court order in violation of the plaintiff's rights to be free from warrantless, unlawful searches and seizures under the Fourth Amendment to the United States Constitution.

## RELIEF SOUGHT

WHEREFORE, plaintiff seeks that the court grant the following:

A. Issue a declaratory judgment stating the following:

   a. United States Probation Officer Raphael Goodwin violated the plaintiff's rights under The Fourth Amendment to the United States Constitution to be free from unlawful warrantless searches and seizures.

   b. Defendant Shannon Rizzo has direct bright line supervisory responsibilities over Raphael Goodwin and failed to adequately train, supervise, and monitor Goodwin's actions that resulted in the plaintiff's constitutional rights being violated.

   c. Chief Probation Officer Jennifer Childress has ultimate supervisory responsibilities to ensure that all officers, agents, and/or employees under her supervision are adequately trained, supervised, and monitored and that

they all adhere to their oath to uphold the laws and Constitution of the United States.

d. That Childress failed to properly and adequately supervise, train, and monitor Rizzo and Goodwin that resulted in the violation of the plaintiff's rights to be free from unlawful, warrantless searches and seizures under the Fourth Amendment to the United States Constitution.

e. That the United States Probation Office is the legal entity responsible for the oversight of Childress, Rizzo, and Goodwin and approves the custom, policy, and practice of using GPS devices as a way to track the location and movement of individuals without obtaining a warrant or court order to do so, and that custom, policy and practice violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

B. Award compensatory damages jointly and severally against:

a. Defendants Goodwin, Rizzo, and Childress for the emotional injuries, migraines, insomnia, fatigue, anxiety, fear of his every move being tracked, sudden worsening of the plaintiff's GERD and associated pain, loss of enjoyment of life, and inability to complete work projects due to being unable to focus every day since March 17th, 2023 continuing daily.

b. Defendant United States Probation Office for the custom, practice, or policy and inadequate training and supervision that allows its employees/agents/officers to engage in conduct that violated the constitutional rights of the plaintiff.

C. Award punitive damages in the following amounts:

    a. $1,000,000.00 each against defendants Goodwin, Rizzo, and Childress in each of their individual and official capacities.

    b. $1,000,000.00 against The United States Probation Office.

D. Issue an injunction estopping the United States Probation Office from forcing the plaintiff to keep a device (SoberLink) on his person 24 hours a day, 7 days a week that it, along with Officers Goodwin, Rizzo, and Childress, use to track and monitor the plaintiff's location, travel, and whereabouts without a warrant or court order.

E. Grant such other relief as it may appear that the plaintiff is due or for which he is entitled for the aforementioned harms, emotional damage, pain, and suffering resulting from the knowing and willful violations of the plaintiff's rights by the defendants.

Respectfully submitted,

Jason Thomas, pro se
13309B County Road 32
Summerdale, AL 36580
251.200.3342
rescuediverjt@yahoo.com